**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                      No. 99-4211

MARK NEAL,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-99-57)

Submitted: August 31, 1999

Decided: September 14, 1999

Before WIDENER, MOTZ and TRAXLER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph N. Bowman, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Pamela O. Barron, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Mark Neal appeals his conviction for operating a motor vehicle without a valid driver's license in violation of 18 U.S.C.A. § 13 (West Supp. 1999), assimilating Va. Code Ann. § 46.2-300 (Michie 1998). On appeal, Neal's only argument is that the district court erred in holding that the Government need not prove beyond a reasonable doubt that Neal knew that the license he possessed was invalid. Finding no error, we affirm.

This appeal involves a question of law, which the court reviews de novo. See United States v. McDonald, 61 F.3d 248, 254 (4th Cir. 1995). The statute that Neal was charged with violating reads, "[n]o person . . . shall drive any motor vehicle on any highway in the Commonwealth until such person has . . . obtained a driver's license, nor unless the license is valid." Va. Code Ann. § 46.2-300. We find that operating a motor vehicle is a highly regulated area and that Va. Code Ann. § 46.2-300 may be interpreted as a public welfare statute. See Staples v. United States, 511 U.S. 600, 605 (1994); United States v. Wilson, 133 F.3d 251, 263 (4th Cir. 1997). However, ignorance of the facts is usually a defense to a strict liability offense under the public welfare doctrine. See Wilson, 133 F.3d at 263. Neal did not raise a mistake of fact defense or argue that he should not have been on constructive notice that his license was suspended. Neal's driving record was entered into evidence showing that his license was suspended for failure to comply with the licensing requirements of the motor vehicle code. Neal should have been aware that his license was not valid due to insurance requirements.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2